IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEITH LEDELL FRISTON, #84468**                                    **PLAINTIFF**

v.                                                  CAUSE NO. 1:17-cv-329-HSO-JCG

**MDOC, et al.**                                                   **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

Before the Court is Plaintiff Keith Ledell Friston's Complaint [1] filed pursuant to 42 U.S.C. § 1983, *see* Compl. [1] at 1, and Friston's Responses [11, 15, 21] filed on August 20, 2018, December 14, 2018, and March 20, 2019, respectively, to the Magistrate Judge's Orders [9, 12, 16] entered June 15, 2018, September 28, 2018, and January 16, 2019, respectively. Friston names as Defendants MDOC, "Sheriff Department," "Police Department," "Coahoma Court," Judge "Unknown" Dee, *see* Compl. [1] at 1-2, and Warden "Unknown" Mills, *see* Order [18].[1] Friston seeks an award of monetary damages. Compl. [1] at 4.

---

[1] The Court recognizes that Friston's reference to MDOC as a Defendant is a reference to the Mississippi Department of Corrections, that his reference to CMCF is a reference to the Central Mississippi Correctional Facility, and that his reference to SMCI is a reference to the South Mississippi Correctional Institution. *See* https://www.mdoc.ms.gov.

## I. BACKGROUND

Friston alleges that he was charged and convicted in the Circuit Court of Coahoma County, Mississippi, with DUI death and leaving the scene of an accident. Compl. [1] at 4, 6. His Complaint asserts claims against, and seeks damages from, Defendant Warden Mills concerning the conditions of his confinement while housed at South Mississippi Correctional Facility ("SMCI"). *See* Pl.'s Resp. [21] at 1. After reviewing Friston's Complaint [1], the Magistrate Judge determined that pursuant to 28 U.S.C. § 1915 additional information was required in order to screen the case. Friston was directed by an Order [9] entered on June 15, 2018, to file a response providing the Court with additional information concerning his claims. Friston filed his Response [11] on August 20, 2018.

Because Friston's Response [11] was unclear, the Magistrate Judge entered another Order [12] on September 28, 2018, directing Friston to provide additional information "concerning his claims and to clarify his additional statements concerning his conditions of confinement while housed at Central Mississippi Correctional Facility and South Mississippi Correctional Institution." Order [12] at 1. Friston's Response [15] to this Order was filed on December 14, 2018.

Again, Friston's Response [15] was unclear, so the Magistrate Judge entered an Order [16] granting Friston an extension of time to clarify the names of additional Defendants and state how each of the newly named Defendants violated his constitutional rights. Friston filed documents on February 22, 2019, which were

2

docketed by the Clerk's Office as "copies of miscellaneous documents." Pl.'s Copies of Miscellaneous Doc. [17] at 1-97. The Magistrate Judge subsequently entered an Order [20] on March 20, 2019, which construed this filing as Friston's Response to the Order [16] entered on January 16, 2019. That Order [20] further directed the Clerk to file a copy of page 1 of Friston's "copies of miscellaneous documents" as Friston's Response and to file pages 2-97 as attachments to the Response. Accordingly, on March 20, 2019, the Clerk filed page 1 of Friston's "copies of miscellaneous documents" [17] as Friston's Response to the Order [16] entered January 16, 2019, and pages 2-97 as attachments to Friston's Response. *See* Pl.'s Resp. [21]. In a separate Order, the Magistrate Judge also construed Friston's "copies of miscellaneous documents" as naming Warden Mills as a Defendant. *See* Order [18].

Friston complains that he has been wrongfully charged, convicted, and sentenced for the crimes of DUI death and leaving the scene of an accident, and raises claims against Defendants "Sheriff Department," "Police Department," "Coahoma Court," and Judge Dee. Friston further alleges that his constitutional rights relating to the conditions of his confinement have been violated by Defendants MDOC and Mills.

The Court, having liberally construed the pleadings in light of applicable law, finds that Friston's claims relating to his convictions and sentences for DUI death and leaving the scene of an accident, and his claims against Defendants MDOC,

"Sheriff Department," "Police Department," "Coahoma Court," and Judge "Unknown" Dee, should be dismissed. Friston's claims against Defendant Warden Mills will proceed.

II. ANALYSIS

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i-iii). Because Friston is proceeding as a pauper, § 1915(e)(2) applies to this case. *See* Order [7] at 1.

A. Friston's habeas claims

Liberally construed, Friston's claims relating to his convictions and sentences are clearly in the nature of habeas relief. The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *See Preiser*, 411 U.S. at 489.

Friston's sole remedy concerning his convictions and sentences is through a petition for habeas corpus relief. *Id.*; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Any habeas claims Friston may be asserting in this civil action will be dismissed without prejudice to Friston's right to pursue them in his pending habeas

4

corpus case, *see Friston v. Att'y Gen. of the State of Miss.*, Civil Action No. 4:18-cv-207-DMB-JMV (N.D. Miss. filed Oct. 15, 2018).

B.  Section 1983 claims

The Complaint also advances claims against "Sheriff Department," "Police Department," "Coahoma Court," and Judge Dee pursuant to 42 U.S.C. § 1983 relating to Friston's convictions and sentences. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). Because success on Friston's claims would call into question the validity of his convictions and sentences, and because Friston has not

established that his convictions and sentences have been invalidated, Friston cannot maintain these claims in this case and they will be dismissed. *See Heck*, 512 U.S. at 486-87.

C. <u>Claims against Defendant Judge Dee</u>

The law is well established that a judge enjoys absolute immunity from damages when performing acts within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd*, 31 F.3d 279 at 284). Judicial immunity can "be overcome in two circumstances: (1) a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

The United States Court of Appeals for the Fifth Circuit has developed a four-factor test to use in determining whether a judge acted within the scope of his judicial capacity. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and

6

> (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515 (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citation omitted)).

Applying the four factors set forth in *Ballard* to the instant case, Friston has not alleged any facts establishing that Judge Dee's actions were not "judicial in nature." *See id.* at 517. Likewise, there are no claims that Judge Dee lacked jurisdiction to preside over Friston's criminal proceedings in the Circuit Court of Coahoma County. Therefore, Judge Dee is entitled to absolute immunity from Friston's claims against him in this § 1983 lawsuit.

D.  <u>Claims against Defendant MDOC, including CMCF and SMCI</u>

To have a viable claim under § 1983, Friston must allege that he was deprived of a right secured by the Constitution and the laws of the United States, and that the "person" depriving him of this right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). A state, a governmental entity that is considered an arm of the state, and state officials sued in their official capacities are not considered "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71 (1989). MDOC, including CMCF and SMCI, is considered an arm of the State of Mississippi. *See Hines v. MDOC*, 239 F.3d 366, 2000 WL 1741624, *3 (5th Cir. Nov. 14, 2000) (stating that "[t]he Mississippi Department of Corrections is a department of the state of Mississippi"). Because MDOC, including CMCF and SMCI, is not a

"person" as required by § 1983, Plaintiff cannot maintain this civil action against this Defendant.

E.     Claims against Defendants "Sheriff Department," "Police Department," and "Coahoma Court"

Friston cannot maintain a § 1983 civil action against Defendants "Sheriff Department," "Police Department," and "Coahoma Court." The capacities of these Defendants to be sued are determined according to state law. *See Crull v. City of New Braunfels, Tx.*, 267 F. App'x 338, 341-42 (5th Cir. 2008) (citing Fed. R. Civ. P. 17(b)). A sheriff's department is an extension of the county, and a police department is an extension of the city. Miss. Code Ann. § 21-17-1(1) (municipalities are distinct legal entities); Miss. Code Ann. § 21- 21-1, et seq. (municipalities may create and fund police departments); *see Jackson v. City of Gulfport*, No. 1:16-CV-420-LG-RHW, 2017 WL 651956, at *2 (S.D. Miss. Feb. 16, 2017); *see also Tuesno v. Jackson,* No. 5:08-CV-302-DCB-JMR, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (finding that a board of supervisors and county jail "are not political subdivisions or legal entities in and of themselves" and therefore "cannot be proper parties"); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (finding that the sheriff's department is not a political subdivision within the meaning of the Mississippi Tort Claims Act).

Nor is Defendant "Coahoma Court" an independent legal entity capable of being sued. *See Bryant v. Mun. Court of Gulfport, Miss.*, No. 1:12-CV-2-HSO-JMR,

2012 WL 4434675, at *5 (S.D. Miss. Sept. 24, 2012) (finding that a municipal court is not a legal entity that may be sued, but is merely a department of the city).

Under Mississippi law, the foregoing Defendants are not separate legal entities capable of being sued. Friston was given an opportunity to name the proper legal entities, *see* Order [9] at 1-3; Order [12] at 1-2; Order [16] at 1-2, but has failed to do so, *see* Pl.'s Resp. [11, 15, 21]. Defendants "Sheriff Department," "Police Department," and "Coahoma Court" will be dismissed with prejudice.

F.   Claims against Defendant Warden Mills

Friston asserts that his constitutional rights have been violated as a result of the conditions of his confinement at South Mississippi Correctional Facility. *See* Pl.'s Resp. [21]. Friston's allegations against Defendant Warden Mills, liberally construed, are plausible at this time. A separate order will be entered directing that service of process be effected upon Defendant Mills.

III.  CONCLUSION

Any habeas claims Friston may be asserting in this civil action will be dismissed without prejudice to Friston's pursuit of these claims in his pending habeas corpus case. Friston's § 1983 claims challenging his convictions and sentences will be dismissed with prejudice for failing to state a claim upon which relief may be granted. Because Defendant Mississippi Department of Corrections, which includes Central Mississippi Correctional Facility and South Mississippi Correctional Institution, are not persons within § 1983, it will be dismissed.

Defendants "Sheriff Department," "Police Department," and "Coahoma Court" will also be dismissed because these Defendants are not entities capable of being sued. Finally, Judge "Unknown" Dee will be dismissed because he enjoys absolute immunity.

At this stage of the screening process, the Court finds that Friston has stated an arguable claim against the remaining Defendant Warden Mills.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that any habeas claims Plaintiff Keith Ledell Friston may be asserting in this civil action are **DISMISSED WITHOUT PREJUDICE** to his pursuit of these claims in his pending habeas corpus case.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Keith Ledell Friston's § 1983 claims challenging his convictions and sentences are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Keith Ledell Friston's claims against Defendant Mississippi Department of Corrections, which includes Central Mississippi Correctional Facility (CMCF) and South Mississippi Correctional Institution (SMCI), are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Keith Ledell Friston's claims against Defendants "Sheriff Department," "Police Department," and "Coahoma Court" are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Keith Ledell Friston's claims against Defendant Judge "Unknown" Dee are **DISMISSED WITH PREJUDICE**.

A separate order directing process to issue for the remaining Defendant Warden Mills will be entered.

**SO ORDERED AND ADJUDGED**, this the 2nd day of April, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE