IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEITH LEDELL FRISTON**                                                   **PLAINTIFF**

VS.                                                          CIVIL NO. 1:17-CV-329-JCG

**ANDREW MILLS, Warden**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER GRANTING WARDEN MILLS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is a Motion for Summary Judgment [33] filed by Defendant, Warden Andrew Mills. Plaintiff Keith Ledell Friston, a postconviction prisoner, has filed a Response [35] and Amended Response [36]. Having considered these submissions, the record, and applicable law, the Court finds that Warden Mills' Motion for Summary Judgment must be GRANTED. Friston failed to exhaust administrative remedies prior to filing suit and, as a result, Warden Mills is entitled to summary judgment in his favor. Additionally, given that the State of Mississippi has adequate postdeprivation remedies in place for the unauthorized deprivation of a prisoner's property, Friston's claim against Warden Mills for loss of property is barred by the *Parratt/Hudson* doctrine.

BACKGROUND

Friston is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC") who is proceeding *pro se* and *in forma pauperis*. Friston brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution

and laws." 42 U.S.C. § 1983. Friston named multiple Defendants in his Complaint. All Defendants except Warden Mills have been dismissed.

Friston alleges that while housed at South Mississippi Correctional Facility in Leakesville, Mississippi, he lost certain pieces of canteen and personal property. [1] at 12. According to Friston, Warden Mills stated that he could not return the items to Friston because there was no paperwork to indicate that the items belonged to Friston. [17] at 1. Friston's Complaint asserts other vague and disjointed allegations that "you can get sex just by touchin[g] something K9," he has been locked down when other people fight, he has contracted cancer and TB from somewhere, and he was beaten by 6 people. [1] at 12. Friston faults Warden Mills for placing him in "harm's way" and because of the following:

> locked down for actions not committed; placed in segregation, placed in confinement[s] where there way not sanitation activities; no lighting; poor ventilation; too overcrowded, roofs leaking; no adequate arrangement for cleaning and garbage disposal; and cruel and unusual punishment.

[30] at 1-2.

## DISCUSSION

A. <u>Law</u>

**1. Summary Judgment Standard**

A party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court is not permitted to make credibility determinations or weigh the evidence at the summary judgment stage of litigation.

*See Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2010)). All facts and inferences must be made in "the light most favorable to the nonmoving party." *See Sierra Club, Inc. v. Sandy Creek Energy Assoc., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (citation omitted).

**2. Friston Did Not Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) applies because Friston was incarcerated when he filed this lawsuit. *See* Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019. A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of

prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84. Also, the grievance process must be exhausted "prefiling." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

### a. MDOC's ARP

Mississippi Code Section 47-5-801 grants MDOC authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, MDOC has implemented an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint or grievance relating to any aspect of his or her incarceration. *See* Inmate Handbook, Miss. Dep't of Corrections. (June 2016), at Ch. VIII.[1] MDOC's ARP is a "formal two-step process." *Yankton v. Epps,* 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps,* 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

Inmates are required initially to submit their grievance in writing to the Legal Claims Adjudicator within thirty days of the incident. *See* Inmate Handbook, Miss. Dep't of Corrections. (June 2016), at Ch. VIII. If, after screening, a grievance

---

[1] Available at: http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court may take judicial notice of MDOC's Inmate Handbook. See Fed. R. Evid. 201(b)(2)("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

is accepted into the ARP process, the request is forwarded to the appropriate official, who will issue a first step response. *Id.* If the inmate is unsatisfied with this response, he may continue to the second step by using form ARP-2 and timely sending it to the Legal Claims Adjudicator. *Id.* A final decision is made by the warden. *Id.* If the offender is not satisfied with the second step response, he may file suit in state or federal court. *Id.* In the case of an appeal of a disciplinary rule violation, however, an inmate is only required to complete the first step of the ARP prior to filing suit. *Id.*

### b. Friston Did Not Exhaust MDOC's ARP

Friston alleged in his Complaint that he had not completed the ARP process, but in another filing claimed that he had filed a complaint with the ARP program, but it was not answered. [1] at 3; [6] at 23. In response to Warden Mills' Motion for Summary Judgment, Friston alleged that "[w]hen a person's constitutional rights are being violated so clearly that a lay person can notice it, then there isn't any need to exhaust such said remedies." [35] at 2.

Friston has mostly ignored the legal issue of exhaustion of administrative remedies in his briefing. He simply concludes that he should be able to proceed with his claim against Warden Mills. Friston submitted over eighty pages of unidentified exhibits with his Amended Response but has failed to offer specific citations to them or articulate how they support his position. This is not sufficient. The non-movant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith ex rel. Estate of Smith v. United States*, 391 F.3d

621, 625 (5th Cir. 2004). The Court has no "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010) (quoting *Malacara v. Jarber*, 353 F.3d 393, 405 (5th Cir. 2003)); see also Fed. R. Civ. P. 56(c)(1)(A).

Warden Mills has presented properly authenticated evidence of Friston's grievance files and affidavits of ARP investigators which show that on February 7, 2018, Friston filed three pages of grievances at SMCI. [33-1] at 3-5. The grievances ranged from issues relating to canteen confiscation, medical care, hygiene products, a wall phone, and fear of other inmates. On February 8, 2018, the ARP Department sent a letter to Friston providing that his grievances were rejected. The letter provided: "These are all different issues that would be addressed by several different respondents. They need to be submitted in separate letters." *Id.* at 2.

A week later, on February 14, 2018, Plaintiff filed an ARP limiting his complaint to the confiscation of his commissary items. This ARP is # SMCI-18-0242. [33-2] at 4-5; [17] at 16-17. Plaintiff complained that during a December 24, 2016 shakedown, guards rummaged through his legal papers and confiscated an array of commissary items. On February 16, 2018, Plaintiff's ARP was rejected by the ARP program because more than 30 days had elapsed between the event and the initial ARP request. [33-2] at 2. The complained of event happened on December 24, 2016, but the grievance was not filed until February 14, 2018. *Id.* at 2-3. Plaintiff signed a Rejection form for ARP # SMCI-18-0242 on March 5, 2018. *Id.* at 6. Friston filed

additional grievances while at SMCI but none were fully exhausted before Friston filed this suit.

Because Friston did not complete MDOC's ARP in accordance with its applicable procedural rules as to any grievance prior to bringing this suit in federal court, Warden Mills is entitled to summary judgment in his favor.

### 3. The Parratt/Hudson Doctrine Bars Friston's Property Deprivation Claim

To the extent that Friston advances a property deprivation claim against Warden Mills, the claim must be dismissed. When property is wrongfully taken by prison officials because of random and unauthorized acts, the claim of property deprivation is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), overruled in part, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). It is also well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate postdeprivation remedies exist. *See Hudson*, 468 U.S. at 533. This holds equally true for claims of negligent deprivation. *See Daniels*, 474 U.S. at 330-31; *Davidson v. Cannon*, 474 U.S. 344 (1986).

"The State of Mississippi provides at least two post-seizure remedies, including actions for conversion and claim and delivery." *Bishop v. Reagans*, No. 4:11CV63-LRA, 2012 WL 1804623, at *2 (S.D. Miss. May 17, 2012) (citations omitted). Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir.1994).

The unlawful taking of an inmate's property under certain circumstances has also been found to violate the Constitution of the State of Mississippi. *See Johnson v. King*, 85 So. 3d 307 (Miss. App. 2012) (finding confiscation of inmate's drinking mug violated Takings Clause of State constitution). Friston has not attempted to establish that Mississippi's postdeprivation remedies are inadequate.

In sum, no violation of the Fourteenth Amendment's due process clause occurred because Friston had an available remedy under Mississippi law capable of fully compensating him for the alleged property deprivation. Friston's claim under § 1983 against Warden Mills for the alleged loss of Friston's property must be dismissed with prejudice for failure to state a claim upon which federal relief could be granted.

**IT IS, THEREFORE, ORDERED** that Warden Mills' Motion for Summary Judgment [33] is **GRANTED**. The property deprivation claim against Warden Mills is dismissed with prejudice for failure to state a claim upon which federal relief could be granted. All remaining claims against Warden Mills are dismissed without prejudice for failure to exhaust administrative remedies.

**SO ORDERED**, this the 25th day of September, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE